E. E. HEIPLE *et al.*

*v.*

THE CITY OF WASHINGTON.

*Opinion filed February 21, 1906.*

1. SPECIAL TAXATION—*when section 7 of Local Improvement act, regarding first resolution, is complied with.* A resolution approving the engineer's estimate of cost and fixing the time and place for the public hearing as to the necessity, nature and cost of the improvement is sufficient compliance with section 7 of the Local Improvement act, though two motions were previously adopted by the board resolving to make the improvement and requiring the engineer to make an estimate.

2. SAME—*want of qualification of engineer does not invalidate special tax.* The statute does not specify the qualifications of the person acting as "public engineer," and the fact that the person who signed the estimate of the cost as "public engineer" was a farmer and lumber dealer does not invalidate the special tax, where he was requested to act by the board of local improvements, which approved his estimate, which estimate is not shown to be improper.

3. SAME—*fact that engineer was not properly a member of the improvement board cannot be shown.* That the engineer who made the estimate of cost was not properly a member of the improvement board cannot be shown upon application to confirm the tax, since the question of the legality of the organization of the board of local improvements can only be raised by *quo warranto.*

4. SAME—*fact that clerk's certificate is attached to face of the ordinance instead of back is not material.* The fact that the clerk's certificate is attached to the face of the improvement ordinance and refers to the "foregoing ordinance," instead of being attached to the back of the ordinance, is not material.

5. APPEALS AND ERRORS—*appellant should abstract record so as to fully show error relied upon.* It is the duty of parties insisting

upon errors to so abstract the record as to fully show the errors relied upon, and where the alleged error consists of the court's refusal to permit a certain question to be put to the jurors the abstract should show what other questions were asked.

APPEAL from the County Court of Tazewell county; the Hon. JESSE BLACK, Judge, presiding.

MAPLE & LOVETT, for appellants.

CHARLES A. WALTMIRE, and CHARLES V. MILES, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellee, the city of Washington, passed an ordinance for the paving of North Main street, in that city, by special taxation. A petition was filed in the county court of Tazewell county for the confirmation of the assessment. The appellants filed their objections on the question of benefits and also legal objections as to the sufficiency of the proceedings. All of the objections were overruled and judgment of confirmation entered. To reverse that judgment an appeal has been prosecuted to this court.

It is first insisted that section 7 of the Local Improvement act (Hurd's Stat. 1903, p. 392,) was not complied with, in that the first resolution of the board of local improvements did not fix a date and hour for the consideration of the improvement, and that the estimated cost of the improvement was not made a part of the record of the first resolution, but, on the contrary, that three resolutions were passed instead of one. This contention is not sustained by the record. On July 5, 1905, the board of local improvements held a meeting, at which a resolution was adopted which seems to be the basis or beginning of the improvement. It merely determined that the street should be paved. On the same day another resolution was passed calling upon the engineer to make an estimate of the cost of the proposed improvement and report the same to the board. After these two resolu-

tions had been adopted and after the engineer had made his report of the estimated cost, another resolution was adopted approving the report of the estimated cost as presented by the engineer and fixing the time and place for the hearing as to the necessity, nature and cost of the improvement. This last resolution contained all of the elements required by section 7 and was complete in itself. The other two resolutions were merely preliminary and were adopted for the purpose of making a record of the proceeding. They were, in fact, nothing more than motions made and carried by the board preliminary to complying with section 7.

It is next insisted that the notice of the public hearing did not inform the property owners that the extent of the improvement might be changed. This objection is based upon the fact that in the notice of the public hearing there was a typographical error, and the word "expense" was used instead of the word "extent." In other words, the notice read, "That the expense, [instead of extent] necessity for, nature, kind, character and estimated cost of such proposed improvement may be changed by this board at the public consideration thereof." It is the duty of the parties insisting on errors in this court to so abstract the record that it will fully show the error relied upon. This appellants have failed to do. They have merely abstracted such part of the record as they deemed necessary, and have omitted such other portions as they thought unnecessary to be presented. In the error complained of with reference to the notice of the public hearing only the two last divisions or paragraphs of the notice are abstracted. The notice consisted of twelve divisions or paragraphs, and we are left to infer what ten of them contained, and that none of them contained any reference to the possible change in the extent of the improvement. Notwithstanding this failure to properly present the error, we have made such an examination of the record as convinces us that no material mistake was committed and that appellants were in no way misled or injured in the respect complained of.

Complaint is next made that the engineer was not properly a member of the board of local improvements and as to the manner in which he signed the estimate of cost. It is claimed that he was a farmer and a lumber dealer, and not an engineer, and that he improperly signed the estimate as "city or public engineer." Section 3 of chapter 24 (Hurd's Stat. 1903, p. 391,) provides that in cities having a population of less than fifty thousand and in villages and incorporated towns, the city council or board of trustees may, in their discretion, provide by ordinance that the mayor or president shall appoint and designate a superintendent of streets and a public engineer, which offices may be discontinued by ordinance, etc. Section 6 of the same act provides that in cities having a population of less than fifty thousand and in villages and incorporated towns the board of local improvements shall consist of the mayor or president, who shall be president of such board, and the public engineer and the superintendent of streets, etc. There is nothing in this record to show that the engineer in question was not properly appointed and was not duly acting as such. Upon request of the board of local improvements he made an estimate of the cost of the improvement and his estimate was duly approved by the board. His act as a member of the board was in compliance with the statute. He was at least an officer *de facto,* and as far as this record shows also an officer *de jure.* The statute does not specify the qualifications to be possessed by the individual holding the office, and even if it did and the engineer in this case did not possess the qualifications required, that question could not be raised in the method attempted by appellant. In the case of *Betts* v. *City of Naperville,* 214 Ill. 380, we held that the question of the legality of the organization of the board of local improvements could not be raised upon application to confirm a special assessment, but must be raised by *quo warranto.* No question is raised as to the amount of the engineer's estimate or that it was not properly and correctly made, and

even though he placed an improper title after his name that would not constitute reversible error, especially where the appellants are not shown to have been injured thereby.

It is next objected that the ordinance for the improvement was not properly certified by the city clerk, because his certificate preceded, instead of followed, the ordinance and referred to it as "the foregoing" ordinance. An examination of the abstract of record shows that the clerk, in his certificate, used the following language: "Do hereby certify that the above and foregoing ordinance, marked 'Exhibit B,' " etc. The language of the statute is: "There shall be attached to or filed with such petition a copy of said ordinance, certified by the clerk under the corporate seal." The ordinance was properly certified under the corporate seal, and the only error was that the certificate was attached to the face instead of on the back of the ordinance. The statute does not say where or how the certificate shall be attached, but merely that there shall be attached to or filed with such petition a copy of the ordinance, certified by the clerk under the corporate seal. There was but one ordinance. It was marked "Exhibit B." There was but one "Exhibit B," and therefore there could be no possible mistake as to the identity of the ordinance to which the clerk certified.

Objection is next made to the refusal of the trial court to permit certain questions to be asked of jurors concerning the burden of proof they would require before rendering their verdict. The abstract of record does not contain all of the questions asked the jurors, but merely contains the one question to which objection is made. The question objected to might have been properly covered by other questions asked, and therefore we cannot say that the refusal was injurious.

Many of the objections raised are exceedingly technical, and none of them, in our opinion, well taken.

The judgment of the county court will be affirmed.

*Judgment affirmed.*